USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/6/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEXIS TORRES,

                      Petitioner,

-v-

UNITED STATES OF AMERICA,

                      Respondent.

16 Civ. 5105 (PAE)
03 Cr. 384-1 (PAE)

<u>OPINION & ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

On January 15, 2004, petitioner Alexis Torres was sentenced to five counts: four substantive counts of Hobbs Act robbery, 18 U.S.C. § 1951, and one count for brandishing a firearm in relation to a crime of violence, to wit, the substantive Hobbs Act robbery counts, under 18 U.S.C. § 924(c)(1)(A)(ii). Before the Court is Torres' petition for habeas corpus under 28 U.S.C. § 2255 to vacate his § 924(c) conviction on the grounds that Hobbs Act robbery does not qualify as a "crime of violence" under either § 924(c)'s elements clause, 18 U.S.C. § 924(c)(3)(A), or its residual clause, *id.* § 924(c)(3)(B); *see* Dkt. 1 ("Petition") at 5.

Torres' petition was originally premised on *United States v. Johnson*, 135 S. Ct. 2551 (2015), in which the Supreme Court held the residual clause of the Armed Career Criminal Act unconstitutionally vague. Torres now agrees that his case is governed by *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018), Dkt. 6,[1] in which the Second Circuit held that Hobbs Act robbery

---

[1] The defense memorandum of law in response to the government's opposition read as follows:

> Mr. Torres' § 2255 petition is governed by the Second Circuit's decision in *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018). It is the defense position that *Hill* was wrongly decided. For the reasons set forth in the petition for rehearing in [*United States*] *v. Elvin Hill* . . . as well as the reasons set forth in the petition for certiorari which was attached to Mr. Torres' most recent request for a stay (Dkt #8), the

1

categorically qualifies as a crime of violence under § 924(c)'s elements clause, *Hill*, 890 F.3d at 60. Torres requested a stay of his case pending the outcome of the petition for *certiorari* in *Hill*, a request this Court twice denied. *See* Dkts. 7, 9. However, in January, the Supreme Court denied *certiorari* in *Hill*, 139 S. Ct. 844 (Jan. 7, 2019). This means that the governing law in this Circuit remains the same.

Torres' petition, being premised on no other ground,[2] is, accordingly, denied. The Clerk of Court is respectfully directed to close this case.

The Court declines to issue a certificate of appealability. Torres has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 6, 2019
New York, New York

---

defense asks the Court to grant the defense motion to vacate Mr. Torres' conviction on 18 U.S.C. 924(c)(1).

Dkt. 10.

[2] The Supreme Court recently held § 924(c)'s residual clause, like the one at issue in *Johnson*, unconstitutionally vague. *United States v. Davis*, No. 18-431 (Jun. 24, 2019). But the Supreme Court left undisturbed the Fifth Circuit's finding below that a conviction for substantive Hobbs Act robbery could be sustained under the elements clause as a predicate crime of violence under § 924(c). *See id.* at 4. *Davis* also does not disturb the Second Circuit's holding in *Hill* that a conviction for substantive Hobbs Act robbery is a predicate crime of violence under § 924(c)'s elements clause.

2